| | |
|---|---|
| MARC J. MURI, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>—*against*—<br><br>NATIONAL INDEMNITY COMPANY,<br><br>           Defendant. | 17-cv-00178-JMG-CRZ<br><br>**CONFIDENTIAL STIPULATION AND PROTECTIVE ORDER** |

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to protect confidential and proprietary material and information that would not normally be revealed absent a confidentiality agreement, to ensure that protection is afforded only to material and information so entitled, and pursuant to the agreement of the parties, the Court enters this Order governing the exchange and protection of confidential information in the above captioned action ("Action").

  1.  **Applicability.** This Order governs the disclosure and use of Confidential Information in written, oral, electronic, graphic/pictorial, audiovisual, and any other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information revealed in a response to request for admissions, or any other form of discovery or disclosure produced by any party to the above Action or by any non-party (the "Disclosing Party") during the course of this Action. "Confidential Information" is defined as documents and information designated in good faith by counsel for any party or non-party (collectively, the "Designating Party") that contain or reveal personal, financial, or commercial information that would, in the absence of litigation, be deemed

confidential.  Confidential Information includes, without limitation, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, business and marketing plans and strategies, customer lists and information, personnel data, confidential information provided by a non-party, information concerning settlement discussions and mediation, demands, or offers, personal financial information or other nonpublic personal information, privileged information, proprietary information, or other confidential business information, the disclosure of which may be harmful to the personal, financial or commercial interests of the Designating Party, or the commercial, financial, or personal privacy interests of that Designating Party's stockholders, members, directors, officers, employees or agents, or the financial or personal privacy interests of participants in the National Indemnity Company Employee Retirement and Savings Plan or their beneficiaries.

2. **Subsequent Joinder of Additional Parties.**  In the event an additional party is named as a litigant in this Action, that party shall be subject to this Order with respect to all Confidential Information produced, designated, or generated before and after such joinder.

3. **Permitted Use of Information Produced in this Litigation.**  All documents, information and testimony produced in connection with this Action by a party or non-party, regardless of designation (i.e., regardless of whether designated as "Confidential Information" or not), and the substance or contents thereof, including any notes, memoranda or other similar documents relating thereto, that is not otherwise publicly available, shall be used by the party who receives the production solely for the purposes of this Action (including for prosecuting, defending

or attempting to settle this Action). Produced documents, information and testimony shall not be disclosed, published, disseminated, or communicated to anyone, either directly or indirectly, or used in any other legal, regulatory or other proceeding (whether or not involving the same parties), or for any other purpose, except as expressly allowed by this Order. Nothing in this Order shall prevent a party from disclosing or using materials initially generated and maintained by it, or lawfully received in the ordinary course of its business, as it deems appropriate.

4. **Designation of Documents.** The Designating Party may designate information as Confidential Information as appropriate, by individual document or by specific category, by conspicuously marking such materials on the initial page and the page or pages on which any confidential material appears "Confidential – Subject to Protective Order," as appropriate. If the Designating Party is not the Disclosing Party, designations of information as "Confidential" may be made in writing provided to the receiving party. The parties reserve the right to agree to other means to designate Confidential Information produced in electronic form or to ask the Court to permit designation of such documents in another manner.

5. **Designation of Deposition Testimony.** A Designating Party may designate deposition testimony as Confidential Information by so stating on the record during the deposition, or by sending a letter to the court reporter who transcribed the testimony with a copy to each party, and noting either that the entire deposition is Confidential Information, or identifying the pages and lines being designated as Confidential Information, within ten (10) business days after receipt of the transcript. Whether or not a designation of Confidential Information is made at the time of deposition, all depositions shall be treated as containing Confidential Information until the expiration of the aforesaid ten business day period. A Designating Party who designates information elicited at deposition to be Confidential Information shall direct the reporter to

indicate on the cover page of the transcript that the transcript contains Confidential Information and to insert behind the cover page a copy of the Designating Party's letter identifying the pages and lines designated as Confidential Information.

6. **Collateral Protected Materials**. The protections conferred by this Protective Order cover not only documents, information and testimony designated as Confidential Information, but also (1) any information copied or extracted from such designated materials, (2) all copies, excerpts, summaries, or compilations of such designated materials, and (3) any testimony, conversations or presentations that might reveal the information contained in such designated materials.

7. **Access to and Use of Confidential Information.** Confidential Information obtained during the course of this Action shall be maintained subject to the following restriction: It shall not be given, shown, made available to, or communicated in any way to anyone other than:

(a) the parties, their current and former employees and agents, and their counsel; personnel working with or for counsel including any necessary paralegal, secretarial, and clerical personnel, including vendors retained for the purposes of copying documents, providing technical, litigation support, or mock trial services, or providing messenger or other administrative support services;

(b) consulting and testifying experts retained in this proceeding by counsel for a party, including staff for the consulting and testifying experts;

(c) the Court and its personnel;

(d) court reporters, including persons operating video recording equipment at depositions, and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts;

(e) any non-expert witness at any deposition or other proceeding in this Action, and counsel for that witness;

(f) potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's testimony, so long as such persons agree to maintain the Confidential Information in confidence per the terms of this Order, and provided that such persons may only be shown copies of Confidential Information and may not retain any such material;

(g) any auditor or regulator of a party entitled to review the Confidential Information as a result of contractual rights or obligations, or federal or state laws, or Court orders, but solely for such contractual or legal purposes; and

(h) mediators, arbitrators, or similar outside parties and their staffs enlisted to assist in the resolution of this Action.

This list may be modified by Court order or by written stipulation of all the parties.

8. **Notice Prior to Disclosure.** Any expert or consultant who is to be provided with material containing Confidential Information under numbered paragraph 7 above shall acknowledge that he or she has read this Order and agrees to be bound by its terms by executing a copy of the Agreement attached hereto as Appendix A before receiving access to any Confidential Information. The executed copies of the Agreement shall be maintained by counsel for the party on whose behalf the expert or consultant was retained.

9. **Obligations of Persons with Access to Confidential Information.** Every person given access to Confidential Information: (a) shall use reasonable efforts to protect, safeguard, and otherwise respect the confidential nature of the Confidential Information in

accordance with the terms of this Order; and (b) shall not use or disclose the Confidential Information except as permitted herein.

10. **Exceptions to Protection.** No "Confidential" designation by any Designating Party shall in any way restrict the ability of a party to do any of the following:

(a) show a document designated as containing Confidential Information to an individual who either prepared or reviewed the document prior to the filing of this Action, or is shown by the document to have received the document prior to the filing of this Action;

(b) make use of any information or documents from the party's own files that the party itself has designated as Confidential Information;

(c) make use of designated Confidential Information which was lawfully in the person's possession before the filing of this Action and not otherwise subject to any obligation of confidentiality;

(d) make use of Confidential Information that appears in any published material available to the general public, without fault of the Disclosing Party;

(e) making use of Confidential Information obtained from a source or sources not under an obligation of confidentiality, without fault of the Disclosing Party; or

(f) make use of Confidential Information that is exempted from the operation of this Order by written consent of the Designating Party.

11. **Production in Response to Subpoena or Other Compulsory Process.** Nothing in this Order shall prevent any party from producing any document or other information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that written notice shall be given to all other parties, including the Designating Party, at least ten

(10) business days prior to the return date of the subpoena or other compulsory process seeking discovery of any documents or other information designated as Confidential. Any such written notice provided to the Designating Party shall include a copy of the subpoena or other compulsory process.

12. **Challenges to Confidentiality Designations.** Any party that disputes the designation of any information as Confidential Information may challenge the designation by filing an appropriate motion in the event the parties are unable to resolve their dispute through good-faith negotiations. The documents at issue may be produced to the Court for an *in camera* review but shall not be filed. The burden of establishing that the information has been properly designated as Confidential Information shall be on the Designating Party. The party seeking disclosure must obtain an order of the Court before disclosing the information.

13. **Use at Court Hearings and Trial.** Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

14. **Restricted Access Filing.** Each document filed with the Court that contains any Confidential Information shall be filed electronically through the Court's Electronic Filing System as a **restricted access** document pursuant to Local Rule NECivR 5.3(c) and shall be accompanied by a statement explaining that the contents are Confidential Information and subject to a Protective Order and that the contents thereof shall not be revealed except to counsel of record in the litigation, the Court, Court personnel, or pursuant to order of the Court. If the document is

already subject to this Protective Order, no additional formal motion to file under restricted access is required. Copies of such documents served on counsel for other parties shall be marked as Confidential Information.

15. **Destruction of Confidential Information.** After final determination or disposition of this Action, including all of the claims asserted therein and any related appellate proceedings, and within sixty (60) calendar days of receiving a written request from a Designating Party, any party that received Confidential Information shall destroy – and cause their counsel, experts, and consultants to destroy – any materials containing Confidential Information and any copies thereof. Notwithstanding the foregoing sentence, however, and regardless of whether they contain Confidential Information, counsel of record for the parties shall be entitled to retain copies of: (a) documents filed with the Court in this Action (including without limitation affidavits, memoranda of law, exhibits and appendices); (b) written discovery responses served in the Action (other than the produced documents containing Confidential Information); (c) deposition transcripts from the Action (other than exhibits containing Confidential Information); and (d) legal memoranda, correspondence and work product related to this Action. The parties that received the written request shall also within sixty (60) calendar days certify in writing to the Designating Party that they and their counsel, experts, and consultants have destroyed all Confidential Information as required by the foregoing sentence.

16. **Inadvertent Production of Confidential Information Without Designation.** If an inadvertent production of Confidential Information occurs, including without limitation by failing to designate deposition testimony as Confidential Information in accordance with the provisions of this Order, the Designating Party may send written notification to the other parties that the deposition testimony, document or thing produced is designated as Confidential

- 8 -

11434021 9

Information and should be treated as such in accordance with the provisions of this Order. The receiving parties, from the date such notice is received, shall treat the information in question as Confidential Information pursuant to this Order. In the event such notice is given, the Designating Party shall supply correctly-designated copies of the deposition testimony, documents, or things endorsed with the "Confidential – Subject to Protective Order" language within ten (10) business days of the notice. The Receiving Parties will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Disclosure, prior to the receipt of such notice, of such Confidential Information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Order, nor shall it cause such deposition testimony, documents, or things, otherwise confidential, to no longer qualify as Confidential Information.

17. **No Waiver of Right or Obligation to Object to Production.** Nothing contained in this Order shall affect the rights, if any, of the Disclosing Party to make any other type of objection, claim, or other response to a request for discovery made pursuant to the Federal Rules of Civil Procedure or other applicable rules of procedure. Nothing in this Order shall be deemed to afford any right not otherwise existing to withhold any document or information or to constitute a waiver of any argument that any particular document is not entitled under the terms of this Order or under law to confidential treatment. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

18. **Continuing Jurisdiction.** This Order shall survive the final conclusion of this Action, and this Court retains jurisdiction of the parties hereto, and of any person who executes a

copy of Appendix A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order.

19. **Effective Upon Execution.** By signing below and thereby stipulating and agreeing to the terms and conditions contained herein, the parties expressly agree to be bound by all the terms and conditions herein prior to the Court's entry of this Order, and any and all production of Confidential Information shall be governed by the terms and conditions of this Protective Order as set forth herein.

The parties having stipulated and agreed hereto, it is SO ORDERED on this 28th day of June, 2018.

Cheryl R. Zwart
UNITED STATES MAGISTRATE JUDGE

**We agree to abide by the terms of this Order:**

By: */s/ Samuel E. Bonderoff*
    Samuel E. Bonderoff (admitted *pro hac vice*)

**ZAMANSKY LLC**

Jacob H. Zamansky (admitted *pro hac vice*)
Edward H. Glenn, Jr. (admitted *pro hac vice*)
Justin Sauerwald (admitted *pro hac vice*)
50 Broadway, 32nd Floor
New York, NY 10004
Telephone: (212) 742-1414
Facsimile: (212) 742-1177
*jake@zamansky.com*

*Counsel for Plaintiff and the Putative Class*

**BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.**

Brian K. Matise

40 Inverness Drive East
Englewood, CO 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527
*BMatise@burgsimpson.com*

*Local Counsel for Plaintiff and the Putative Class*

**We agree to abide by the terms of this Order:**

By: */s/ Andrew J. Sloniewsky*
    Andrew J. Sloniewsky (admitted *pro hac vice*)

**STEPTOE & JOHNSON LLP**

Paul Ondrasik (admitted *pro hac vice*)
Eric Serron (admitted *pro hac vice*)
Osvaldo Vazquez (admitted *pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
E-mail: pondrasik@steptoe.com
E-mail: eserron@steptoe.com
E-mail: asloniewsky@steptoe.com
E-mail: ovazquez@steptoe.com

-and-

**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**

Shawn D. Renner (#17784)
Tara A. Stingley (#23243)
Sterling Ridge
12910 Pierce St. # 200
Omaha, NE 68144
Telephone: (402) 397-1700
Fax: (402) 397-1806
E-mail: srenner@clinewilliams.com
E-mail: tstingley@clinewilliams.com

*Counsel for Defendant*

Appendix A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARC J. MURI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>—*against*—<br><br>NATIONAL INDEMNITY COMPANY,<br><br>Defendant. | 17-cv-00178-JMG-CRZ<br><br>**CONFIDENTIAL STIPULATION AND PROTECTIVE ORDER** |

AGREEMENT CONCERNING MATERIAL
COVERED BY ORDER OF CONFIDENTIALITY

The undersigned hereby acknowledges that, having read the Confidential Stipulation and Protective Order filed in the above action, he or she understands the terms thereof and agrees to be bound thereby and submits to the jurisdiction of this Court for purposes of enforcement of the Order.

The undersigned declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____
Name (typed or printed)

_____
Employer

_____
Signature

| | |
|---|---|
| MARC J. MURI, individually and on behalf of all others similarly situated,<br><br>                                         Plaintiff,<br><br>—*against*—<br><br>NATIONAL INDEMNITY COMPANY,<br><br>                                       Defendant. | 17-cv-00178-JMG-CRZ<br><br>**STIPULATION PURSUANT TO FED. R. EVID. 502(d)** |

      IT IS HEREBY STIPULATED by and between counsel of record for Plaintiff Marc J. Muri ("Plaintiff") and Defendant National Indemnity Company ("Defendant") as follows:

      WHEREAS, Plaintiff and Defendant believe the documents and information, both electronically-stored and hard copy, that will be produced during discovery in this case may be voluminous;

      WHEREAS, pursuant to Fed. R. Evid. 502(d), Plaintiff and Defendant seek to ameliorate costs and risks associated with the production by any litigant or third party (the "Producing Party") of such documents and information and any associated disputes regarding privilege and work-product protection;

      THEREFORE, this Court orders as follows:

      Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of privileged or work-product-protected documents or information (collectively, "Protected Information") in connection with this litigation is not a waiver of privilege or protection from discovery in this litigation, or in any other state or federal proceeding. Specifically, there has been no waiver if a

1

Producing Party discloses Protected Information, regardless of whether the Producing Party took reasonable steps to prevent the disclosure or to rectify the error, so long as the Producing Party complies with this Stipulation.

If a Producing Party has produced Protected Information, then:

(1) where the Producing Party first discovers that it has produced Protected Information, it shall promptly provide written notice to the party or parties receiving such (the "Receiving Party"), which notice shall include a statement of the basis for the Producing Party's contention that the information is privileged or protected; and

(2) where a Receiving Party first discovers a document or information that, in good faith, the Receiving Party believes the Producing Party may deem to be Protected Information, the Receiving Party shall promptly provide written notice to the Producing Party advising that the Producing Party may have produced Protected Information; and within ten (10) calendar days thereafter, the Producing Party shall provide written notice to the Receiving Party consistent in substance with the requirements of subparagraph (1) immediately above, and describing the bases for any assertions of privilege or protection.

Upon receiving or giving notice in accordance with the foregoing provisions, a Receiving Party must promptly return, sequester, or destroy the specified Protected Information and any copies it has; must not use or disclose the Protected Information until the claim of privilege or protection is resolved; must take reasonable steps to retrieve the Protected Information if the Receiving Party disclosed it before being notified; and, if it chooses to contest the claim, must promptly present the Protected Information to the Court under seal for a determination of the claim. The Producing Party must preserve the Protected Information until the claim is resolved.

Nothing in this Stipulation shall prevent a Receiving Party from challenging the privilege or protection asserted by the Producing Party, or limit the right of a Receiving Party to petition the Court for an *in camera* review of the Protected Information. Pursuant to Fed. R. Civ. P. 26, the Producing Party bears the burden of establishing the privilege or protection of all challenged documents and information.

2

This Stipulation does not preclude a party from voluntarily waiving any privilege or work product protection.  The provisions of Fed. R. Evid. 502(a) apply when the Producing Party uses or indicates that it may use Protected Information to support a claim or defense.

The provisions and terms of the Rule 502(d) Stipulation and any amendments thereto shall apply to documents and information (including without limitation to any testimony or transcripts) produced by third parties in this litigation to the same extent as productions by litigants in this action.

The time periods herein can be extended if the parties agree in writing.

The parties having stipulated and agreed hereto, it is SO ORDERED on this 28th day of June, 2018.

_____
Cheryl R. Zwart
UNITED STATES MAGISTRATE JUDGE

**We agree to abide by the terms of this Order:**

By: /s/ *Samuel E. Bonderoff*
    Samuel E. Bonderoff (admitted *pro hac vice*)

**ZAMANSKY LLC**

Jacob H. Zamansky (admitted *pro hac vice*)
Edward H. Glenn, Jr. (admitted *pro hac vice*)
Justin Sauerwald (admitted *pro hac vice*)
50 Broadway, 32nd Floor
New York, NY 10004
Telephone: (212) 742-1414
Facsimile: (212) 742-1177
*jake@zamansky.com*

*Counsel for Plaintiff and the Putative Class*

**BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.**

Brian K. Matise

40 Inverness Drive East
Englewood, CO 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527
*BMatise@burgsimpson.com*

*Local Counsel for Plaintiff and the Putative Class*

**We agree to abide by the terms of this Order:**

By: /s/ *Andrew J. Sloniewsky*
    Andrew J. Sloniewsky (admitted *pro hac vice*)

**STEPTOE & JOHNSON LLP**

Paul Ondrasik (admitted *pro hac vice*)
Eric Serron (admitted *pro hac vice*)
Osvaldo Vazquez (admitted *pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
E-mail: pondrasik@steptoe.com
E-mail: eserron@steptoe.com
E-mail: asloniewsky@steptoe.com
E-mail: ovazquez@steptoe.com

-and-

**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**

Shawn D. Renner (#17784)
Tara A. Stingley (#23243)
Sterling Ridge
12910 Pierce St. # 200
Omaha, NE 68144
Telephone: (402) 397-1700
Fax: (402) 397-1806
E-mail: srenner@clinewilliams.com
E-mail: tstingley@clinewilliams.com

*Counsel for Defendant*