UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARC J. MURI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>—*against*—<br><br>NATIONAL INDEMNITY COMPANY,<br><br>Defendant. | 17-cv-00178-JMG-CRZ<br><br>CLASS ACTION<br><br>PLAINTIFF'S RESPONSE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY |

Plaintiff Marc J. Muri ("Muri") respectfully submits this response to Defendant National Indemnity Company's ("NICO") notice of the June 4, 2019 decision of the Eighth Circuit Court of Appeals in *Usenko v. MEMC LLC et al.*, Case No. 18-1626. (Dkt. No. 126.) The *Usenko* decision provides no support for Defendant's misguided motion for summary judgment.

In *Usenko*, the Eighth Circuit confirmed the holding of the U.S. Supreme Court in *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014), that a claim for a breach of fiduciary duty of prudence under ERISA cannot survive a motion to dismiss where a plaintiff "alleges that the defendants breached their fiduciary duties because they failed to 'outperform the market based *solely* on their analysis of publicly available information[.]'" (Slip Op. at 7 (quoting *Dudenhoeffer*, 573 U.S. at 427 (internal brackets omitted) (emphasis added)).) Defendant claims that "*Usenko* refutes Plaintiff's claim that NICO breached a duty to monitor by failing to investigate and act upon adverse public information about Valeant .…" (Dkt. No. 126 at 2.)

Defendant continues to mischaracterize Plaintiff's claims, as this Court has already explained once before in discussing why *Dudenhoeffer*—and, by extension, now *Usenko*— does not apply to "refute" any of Plaintiff's claims:

> Indeed, as previously discussed, Muri's complaint is not based *solely* on the argument that the market was overvaluing the Valeant stock—*i.e.*, that Valeant's stock price was artificially inflated. Rather, Muri contends that National Indemnity failed to adequately monitor, and investigate, the Sequoia Fund's prudence amid various warning signs—only one of which happened to be the suspected overvaluation of Valeant stock. And as Muri correctly points out, *Dudenhoeffer* does not directly address those situations.

(Dkt. No. 38 at 11 n.2 (internal brackets and quotation marks omitted, emphasis in original).)

Defendant's summary judgment motion remains without merit and should be denied.

Dated: New York, New York  
June 11, 2019

By: */s/ Samuel E. Bonderoff*  
Samuel E. Bonderoff

**ZAMANSKY LLC**

Jacob H. Zamansky (admitted *pro hac vice*)  
James Ostaszewski (admitted *pro hac vice*)

50 Broadway, 32nd Floor  
New York, NY 10004  
Telephone: (212) 742-1414  
Facsimile: (212) 742-1177  
*samuel@zamansky.com*

*Counsel for Plaintiff and the Putative Class*

**BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.**

Brian K. Matise

40 Inverness Drive East  
Englewood, CO 80112  
Telephone: (303) 792-5595  
Facsimile: (303) 708-0527  
*BMatise@burgsimpson.com*

*Local Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served electronically, on June 11, 2019, on all counsel or parties of record on the service list.

## SERVICE LIST

**Paul Ondrasik**
**Eric Serron**
**Andrew Sloniewsky**
Counsel for Defendant
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
E-mail: pondrasik@steptoe.com
E-mail: eserron@steptoe.com
E-mail: asloniewsky@steptoe.com


**Shawn D. Renner**
**Tara A. Stingley**
Counsel for Defendant
CLINE WILLIAMS WRIGHT JOHNSON &
OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce St. # 200
Omaha, NE 68144
Telephone: (402) 397-1700
Fax: (402) 397-1806
E-mail: srenner@clinewilliams.com
E-mail: tstingley@clinewilliams.com


*/s/ Samuel E. Bonderoff*
Samuel E. Bonderoff